UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Estate of Crystal Price by ANGELA DAVIS, mother and next of kin of decedent CRYSTAL PRICE; JV and DH, minor children of decedent CRYSTAL PRICE, by ANGELA DAVIS, guardian, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:12-CV-634 (VARLAN/SHIRLEY) |
| ROANE COUNTY; JACK STOCKTON, Sheriff of Roane County, in his official and individual capacities; MAJOR KEN MYNATT, head jailer of Roane County, in his official and individual capacities; RON WOODY, Roane County Executive, in his official and individual capacities; JANE DOE, in her official and individual capacities, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the following motions: the Motion to Dismiss filed by defendants Jack Stockton and Ron Woody [Doc. 15], the Motion to Dismiss filed by defendant Ken Mynatt [Doc. 19], and Plaintiff's Motion for Leave to File First Amended Complaint [Doc. 26]. Plaintiffs filed a response to the motions to dismiss [Doc. 27]. Defendants Roane County, Jack Stockton ("Stockton"), Ken Mynatt ("Mynatt"), and Ron Woody ("Woody") (Roane County, Stockton, Mynatt, and Woody collectively, "defendants") filed a response to the motion to amend [Doc. 28]. After careful consideration of the motions and the relevant law, the Court will grant in part and deny in part plaintiff's motion to amend and deny as moot the motions to dismiss.

I.  Background

Plaintiffs filed this civil action after Crystal Price, who was in the custody of defendant Roane County, developed flu-like symptoms and died. Plaintiffs assert claims under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs and excessive use of force, as well as claims under state law for negligence, wrongful death, infliction of emotional distress, and assault and battery [*See* Doc. 1].

In response to the complaint, defendants Stockton, Woody, and Mynatt filed motions to dismiss, asserting the complaint fails to state a claim against them [Docs. 15, 19]. Plaintiffs countered with a motion to amend the complaint [Doc. 26]. Plaintiffs argue that the motion "is necessary in order to correctly identify Defendant Jane Doe as Defendant Elizabeth 'Lisa' Ewing" and to include averments of individuals who have come forward with information after a local newspaper published an article about this case [*Id.*]. Defendants argue the motion to amend should be denied because the amendments are futile [Doc. 28]. They state that the proposed amended complaint fails to state a § 1983 claim against defendants Stockton, Mynatt, and Woody and that the claim against Ms. Ewing is time-bared because the complaint does not relate back [*Id.*].

II.  Motion to Amend[1]

   A.  Standard of Review

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave," however,

---

[1] While the motions to dismiss were filed before the motion to amend, motions to amend shall be freely granted. Fed. R. Civ. P. 15. Moreover, granting a motion to dismiss before addressing a pending motion to amend can be an abuse of discretion. *Thompson v. Superior Fireplace Co.*, 931 F.2d 372, 374 (6th Cir. 1991).

2

"when justice so requires." *Id.* Leave is appropriate "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all

3

reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

### B. Proposed Claim Against Named Jane Doe

In the original complaint, plaintiffs assert that Jane Doe "was a jailer at the Roane County jail" whose "name is believed to be 'Lisa'" [Doc. 1 ¶ 10]. Plaintiffs allege that sometime in December 2011 Jane Doe took Crystal Price to the shower after Price lost control of her bowels and then "severely beat . . . Price after water (or some other substance) splashed onto the officer's boots" [*Id.* ¶ 16]. Plaintiffs now seek to amend the complaint to identify Jane Doe as Elizabeth "Lisa" Ewing and include additional factual allegations [Doc. 26]. The proposed amended complaint asserts the following claims against Ms. Ewing: deliberate indifference to serious medical needs and excessive force, in her official and individual capacities, under 42 U.S.C. § 1983, and negligence, wrongful death, infliction of emotional distress, and assault and battery under Tennessee law [*Id.*].[2]

---

[2] While plaintiffs assert the claim for assault and battery against "Defendant Jane Doe," the Court construes the proposed amended complaint to assert this claim against Elizabeth "Lisa" Ewing for purposes of this memorandum opinion and order.

4

"Where an amendment to a complaint would add a new party, the amendment must come within the statute of limitations period or relate back to the original filing date of the complaint." *Lovelace v. City of Memphis Police Dep't*, No. 08-2776, 2010 WL 711190, at *3 (W.D. Tenn. Feb. 24, 2010). "Naming a John Doe defendant cannot save a pleading from this requirement." *Id.*; *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

The statute of limitations period for § 1983 actions is one year. *Lovelace*, 2010 WL 711190, at *3. A party must bring claims for negligence, wrongful death, infliction of emotional distress, and assault and battery under Tennessee law within one year as well. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 589, 589 (6th Cir. 2002); *Campbell v. McMinn Cnty.*, No. 1:10-CV-278, 2011 WL 5921431, at *3 (E.D. Tenn. Nov. 28, 2011); *Reed v. Inland Intermodal Logistics Servs., LLC*, No. 09-2607, 2011 WL 4565450, at *12 (W.D. Tenn. Sept. 29, 2011). *See also* Tenn. Code Ann. § 28-3-104. The proposed amended complaint asserts that the actions underlying these claims took place in December 2011 [Doc. 26]. Plaintiffs filed the motion to amend more than one year after the date of the alleged injury; thus, unless plaintiffs' claims against Ms. Ewing relate back to the date of the original complaint—December 8, 2012—the Court must deny plaintiffs motion to amend because of futility.

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, — U.S. —, 130 S. Ct. 2485, 2489 (2010). Where an amended pleading changes a party or a party's name, an amendment relates back to the original pleading if the

amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[,]"

> and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Defendants assert plaintiffs fail to satisfy Rule 15(c)(1)(C)(ii), that is, but for the mistake in identity, the proposed new defendant knew or should have known that an action would have been brought against her [Doc. 28]. "The Sixth Circuit has long held the position that a complete lack of knowledge as to the identity of a defendant—a suit against a Doe defendant, for example—is not equivalent to a 'mistake' concerning the actual defendant's identity." *Flick v. Lake Cnty. Jail*, No. 1:10-CV-532, 2011 WL 3502366, at *1 (N.D. Ohio Aug. 10, 2011) (citation omitted); *see also Moore v. State of Tenn.*, 267 F. App'x 450, 455 (6th Cir. 2008) ("In this court, a plaintiff's lack of knowledge pertaining to an intended defendant's knowledge does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." (citations omitted)). Thus, pursuant to Sixth Circuit precedent, the claims set forth in the proposed amended complaint against this newly-named defendant would not relate back to the date of the original complaint, and it would be

6

futile to allow plaintiffs to name Ms. Ewing as a defendant.[3] *See Miller*, 408 F.3d at 817 ("A court need not grant leave to amend, however, where the amendment would be futile." (citation omitted)).

### C. Proposed § 1983 Claims Against Defendants Stockton, Woody, and Mynatt

Defendants Stockton, Woody, and Mynatt assert that plaintiffs' proposed § 1983 claims against them are futile because the claims are based upon the theory of respondeat superior. The proposed amended complaint asserts that a number of jailers had complained

---

[3] In *Krupski*, the Supreme Court addressed Rule 15(c)'s mistake prong. The Supreme Court broadly defined "mistake" as "an error, misconception, or misunderstanding; an erroneous belief," and provided the following example:

> A plaintiff may know that a prospective defendant-call him party A-exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties.

130 S. Ct. at 2494 (citations omitted).

*Krupski*, however, is distinguishable from this case. In this case, plaintiffs knew who they wanted to sue; they just did not know her name. Indeed, they intentionally chose to sue "Jane Doe" because they did not know her identity. "*Krupski*, in contrast, addressed the situation where a party knew of the existence of two parties, but, confused as to their roles in a transaction, mistakenly sued the wrong one." *Flick*, 2011 WL 3502366, at *2; *see also Bradford v. Bracken Cnty.*, 767 F. Supp. 2d 740 (2011) (applying the Sixth Circuit's rule and distinguishing *Krupski* where the plaintiff originally sued "Kentucky State Police Officers, Names Unknown" and later amended the complaint to name specific individuals); *Burdine v. Kaiser*, No. 3:09CV1026, 2010 WL 2606257 (N.D. Ohio June 25, 2010) (applying the Sixth Circuit's rule and distinguishing *Krupski* where the plaintiff did not know the identities of the parties until after the statute of limitations period ran). For similar reasons, the Court finds *Williams v. TLD America Corp.*, No. 3:08CV-510-H, 2010 WL 456869 (W.D. Ky. Feb. 3, 2010), a case cited by plaintiffs, distinguishable.

7

to defendant Stockton about Ms. Ewing's treatment of inmates and pretrial detainees, that an officer complained to defendant Stockton about "[d]efendant Roane County's policy and longstanding practice and custom of denying pretrial detainees and similarly-situated inmates appropriate medical attention," and that defendants Woody and Mynatt "knew or reasonably should have known about these complaints, particularly given the volume of complaints, their supervisory responsibilities, and prior lawsuits and claims of a similar nature made against them and [d]efendant Roane County" [Doc. 26-1 ¶¶ 17, 29, 33].

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982). There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Moreover, simply failing to act after learning of a subordinate's unconstitutional conduct will not impose liability upon a supervisory official. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

8

Plaintiffs' allegations assert nothing more than defendants Stockton, Woody, and Mynatt failed to respond to grievances that they knew about. However, "[a] combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Henry v. Pogats*, 35 F.3d 565 (table), No. 93-2462, 1994 WL 462129, at *2 (6th Cir. Aug. 25, 1994). Plaintiffs do not assert that any of these defendants encouraged the alleged misconduct or in any way participated in it. Accordingly, the proposed § 1983 claims against these defendants are futile and plaintiffs' motion to amend will be denied to the extent plaintiffs seek to assert § 1983 claims against these defendants.

**D.    Proposed Claims Against Defendant Roane County and State-Law Claims**

Defendants assert no argument with respect to plaintiffs' proposed claims against defendant Roane County or plaintiffs' proposed state-law claims. Accordingly, and because motions to amend should be freely granted, the Court will grant plaintiffs' motion to amend with regards to the claims against defendant Roane County and the state-law claims.

**III.    Motions to Dismiss**

In light of the Court's rulings on plaintiffs' motion to amend, the Court will deny defendants' previously filed motions to dismiss [Docs. 15, 19] as moot. *See Pethel v. Wash. Cnty. Sheriff's Office*, No. 2:06-799, 2007 WL 2359765, at *2 (S.D. Ohio Aug. 16, 2007) ("[B]ecause an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint.").

9

## IV. Conclusion

For these reasons, Plaintiff's Motion for Leave to File First Amended Complaint [Doc. 26] is hereby **GRANTED in part and DENIED in part**, and the Motion to Dismiss filed by defendants Jack Stockton and Ron Woody [Doc. 15] and the Motion to Dismiss filed by defendant Ken Mynatt [Doc. 19] are hereby **DENIED as moot**. Plaintiff shall **FILE** an amended complaint consistent with the rulings set forth in this memorandum opinion and order within **fourteen (14) days** of entry of this memorandum opinion and order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE