UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Estate of Crystal Price by ANGELA DAVIS, mother and next of kin of decedent CRYSTAL PRICE; JV and DH, minor children of decedent CRYSTAL PRICE, by ANGELA DAVIS, guardian, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:12-CV-634 (VARLAN/SHIRLEY) |
| ROANE COUNTY; JACK STOCKTON, Sheriff of Roane County, in his official and individual capacities; MAJOR KEN MYNATT, head jailer of Roane County, in his official and individual capacities; RON WOODY, Roane County Executive, in his official and individual capacities; JANE DOE, in her official and individual capacities, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on the Motion to Dismiss First Amended Complaint [Doc. 34] filed by defendants Jack Stockton ("Stockton"), Major Ken Mynatt ("Mynatt"), and Ron Woody ("Woody") (Stockton, Mynatt, and Woody, collectively, "defendants"). Plaintiffs filed a response to the motion [Doc. 39], and defendants replied [Doc. 40]. After careful consideration of the motion and the relevant law, the Court will grant the motion to dismiss.

## I. Background

Plaintiffs filed this civil action after Crystal Price, who was in the custody of defendant Roane County, developed flu-like symptoms and died. Plaintiffs asserted claims under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs and excessive use of force, as well as claims under state law for negligence, wrongful death, infliction of emotional distress, and assault and battery [*See* Doc. 1].

In response to the complaint, Stockton, Woody, and Mynatt filed motions to dismiss, asserting the complaint failed to state a claim against them [Docs. 15, 19]. Plaintiffs countered with a motion to amend the complaint, arguing that the motion was "necessary in order to correctly identify Defendant Jane Doe as Defendant Elizabeth 'Lisa' Ewing" and to include averments of individuals who have come forward with information after a local newspaper published an article about this case [Doc. 26]. Defendants, along with defendant Roane County, argued the Court should deny the motion to amend because the amendments were futile [Doc. 28].

After consideration, the Court denied plaintiffs the opportunity to amend the complaint to assert a claim against the named Jane Doe defendant and to assert § 1983 actions against the individuals defendants on futility grounds, but permitted plaintiffs to amend the complaint to assert state-law claims against defendants [Doc. 31]. Plaintiff thus filed a first amended complaint [Doc. 33]. Defendants now move the Court to dismiss the § 1983 claims asserted against them in their individual and official capacities, as well as the state-law claims against them [Doc. 34].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

**III.    Analysis**

Defendants assert that plaintiffs' amended complaint asserts § 1983 claims against them in their individual and official capacities and request that these claims be dismissed under the law of the case doctrine. Plaintiffs admit in response, however, that the amended complaint "omits the § 1983 individual and official capacity claims against [defendants]" [Doc. 39]. Accordingly, the Court need not address defendants' argument.

The Court must address, however, defendants' remaining argument that plaintiff fails to state a state-law claim against them. Defendants assert that plaintiffs' state-law claims relate to "omissions performed within the scope of [defendants'] employment" [Doc. 35]. Defendants argue that they are thus immune from suit under the Tennessee Governmental Tort Liability Act ("TGTLA") because the TGTLA removes defendant Roane County's immunity for injuries proximately caused by the negligence or omission of its employees acting within the scope of their employment [Doc. 35]. Plaintiffs counter, asserting only that because Roane County is not immune from suit, neither are the individual employee defendants [Doc. 39].

While, historically, courts have held governmental entities are immune from suit absent an express waiver, *Sallee v. Barrett*, 171 S.W.3d 822, 826 (Tenn. 2005), the TGTLA statutorily waived, in part, the immunity afforded to governmental entities, rendering governmental entities liable "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment," Tenn. Code Ann. § 29-20-205. Because plaintiffs do not contest defendants' characterization of the amended

4

complaint—that is, that all of plaintiffs' state-law claims relate to omissions of defendants taken within the scope of their employment—the Court finds that this provision of the TGTLA applies here. Roane County's veil of immunity is thus removed. As a result, under the TGTLA, defendants Stockton, Mynatt, and Woody are immune from suit. Tenn. Code Ann. § 29-20-310(b) ("No claim may be brought against an employee . . . for damages for which the immunity of the governmental entity is removed . . . unless the claim is one for health care liability brought against a health care practitioner.").

## IV. Conclusion

For these reasons, the Motion to Dismiss First Amended Complaint [Doc. 34] will be **GRANTED**, and Jack Stockton, Major Ken Mynatt, and Ron Woody will be **DISMISSED** from this action.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE