UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANGELA DAVIS, on behalf of the estate of CRYSTAL PRICE and minors J.V. and D.H., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:12-CV-634-TAV-CCS |
| ROANE COUNTY, et al., | ) ) ) | |
| Defendants. | ) | |
| J.V., a minor, individually and on behalf of CRYSTAL MARLENA PRICE, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:12-CV-673-TAV-CCS |
| ROANE COUNTY, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

These consolidated civil actions are before the Court upon the Report and Recommendation of Magistrate Judge C. Clifford Shirley, Jr., dated August 7, 2014 (the "R&R") [Doc. 94].[1] The Court referred several motions pending in these consolidated actions to the magistrate judge, including a motion to dismiss filed by the Roane County defendants (Roane County, Roane County Sheriff's Office, and Jack Stockton), a motion to dismiss filed by Southern Health Partners, Inc., a motion to intervene, an amended

---

[1] Unless otherwise noted, all citations are to Case No. 3:12-CV-634-TAV-CCS.

motion to intervene, and a motion to file an amended complaint.  In addressing the R&R, the Court assumes familiarity with the facts and procedural history of these consolidated actions, and discusses only the facts and history necessary to understand the Court's ruling herein.

In examining the motions before him, Magistrate Judge Shirley identified threshold procedural issues: "who is/are the proper plaintiff/plaintiffs to pursue the claims of Decedent Crystal Price and whether the claims of Ms. Price should be litigated through *Price I* or *Price II*" [*Id.* at 2].  In deciding these issues, the magistrate judge had to determine the custody and guardianship of plaintiff J.V.  He determined that J.V.'s father, Jesus Vargas, has legal custody and guardianship of J.V. and is the proper person to act as his legal representative and next of friend here [*Id.* at 5].  No party has filed any objection to this determination, and upon review, the Court finds this is an appropriate determination.

Reaching a conclusion on this matter allowed the magistrate judge to then determine the proper plaintiff(s) for pursuing the claims of decedent Crystal Price, namely a § 1983 claim and a wrongful death claim.  He determined, and the Court agrees, that Crystal Price's children—D.H. and J.V.—jointly possess the right of action for these claims, so they are both indispensable parties [*Id.* at 7–8].  And because there is only one right of action for these claims, there should be only one action, not two [*Id.* at 8]. Hence, the magistrate judge had to determine whether the claims should proceed through Case No. 3:12-CV-634-TAV-CCS ("*Price I*") or Case No. 3:12-CV-673-TAV-CCS

("*Price II*") [*Id.* at 9]. For reasons no longer important, the magistrate judge determined that they should proceed through *Price II* [*Id.* at 9–14]. Thus, Magistrate Judge Shirley made the following recommendations:

> 1. The Court dismiss *Price I* without prejudice, and the Clerk of Court be directed to close that case;
>
> 2. The Court permit substitution of Jesus Vargas as father, guardian, personal representative, and next friend of J.V. in *Price II*, through the filing of an amended complaint, which reflects this ruling and any other rulings in *Price I* or *Price II* to date, within **fourteen (14) days** of the entry of any Order ruling upon this Report and Recommendation;
>
> 3. The Court afford Angela Davis **fourteen (14) days** from the entry of any Order ruling upon this Report and Recommendation in which to move for joinder of D.H. in *Price II*;
>
> 4. The Court deny all pending dispositive motions in *Price I* without prejudice; and
>
> 5. The Court afford the Defendants an opportunity to respond to the Plaintiffs' amended complaint by filing amended dispositive motions under Rule 12, as appropriate.

[*Id.* at 14].

In response to this recommendation, Angela Davis filed a motion to join *Price II* on behalf of D.H. [Doc. 95]. The Roane County defendants filed an objection to the R&R, asserting that they should not be subjected to separate litigation from two sets of attorneys [Doc. 96]. Then, Angela Davis filed a motion for an extension of time to file objections to the R&R, in which she asserted that plaintiffs' counsel had "met in person and agreed to put their differences behind them and work together" and that their agreement to work together "should allay the alleged pragmatic concerns asserted by the

3

Roane County Defendants in their objections" [Doc. 97]. The Court granted that extension, and in doing so, stayed the case for a short period so that the parties would have time to work together to reach some type of resolution [Doc. 98]. Upon lifting of that stay, Angela Davis filed an objection to the R&R that proposes an alternative procedural plan for these consolidated actions [Doc. 100]. Specifically, Ms. Davis proposes that these actions be "consolidated completely for all purposes" and that the representatives of Crystal Price's children be granted leave to file a joint amended complaint. There has been no response to this alternative procedural plan, and the Court finds that the time for responding has expired. *See* Fed. R. Civ. P. 72; E.D. Tenn. L.R. 7.1, 7.2.

Magistrate Judge Shirley previously ordered consolidation of these actions [Doc. 34]. The Sixth Circuit has adhered to the traditional rule announced by the Supreme Court in *Johnson v. Manhattan Ry. Co.* that "consolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." 289 U.S. 479, 496–97 (1933); *Twaddle v. Diem*, 200 F. App'x 435, 438 n.4 (6th Cir. 2006). Yet, the language of Rule 42(a) of the Federal Rules of Civil Procedure appears to allow merger as a type of consolidation, *see* 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2382 (3d ed. 2014) (providing that "'consolidation' is used in three different senses" under Rule 42(a), including "when several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered"), and given that there has

4

been no objection to the request that the actions be merged, the Court finds deviation from the traditional rule announced in *Johnson* appropriate under the circumstances presented by this case. Thus, *Price I* and *Price II* shall merge into one action.[2] *Accord In re Air Crash at Lexington, Ky., Aug. 27, 2006*, 251 F.R.D. 258, 260–61 (2008) (merging cases under Rule 42(a)); *Travelers Indem. Co. v. Longview Fibre Paper & Packaging, Inc.*, No. C07-1009BHS, 2007 WL 2916541, at *2–4 (W.D. Wash. Oct. 5, 2007) (same); *see also Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412–13 (6th Cir. 1998) (noting that "it is the district court's responsibility to ensure that parties are not prejudiced by consolidation").

Accordingly, the Court hereby **ORDERS**:

1. The motions pending in *Price I* [Docs. 56, 59, 62, 78, 86, 95] and *Price II* [Docs. 35, 38, 41, 57, 65, 74] are **DENIED as moot**;

2. The Roane County defendants' objection [Doc. 96] is **OVERRULED as moot** and Angela Davis's objection [Doc. 100] is **SUSTAINED**;

3. The R&R [Doc. 94] is **ACCEPTED in part** with respect to its recommendations and determinations regarding guardianship and who may bring claims arising out of Crystal Price's death, but **REJECTED in part** with respect to its recommendation regarding the procedural plan for these actions;

4. *Price I* and *Price II* are further **CONSOLIDATED** under Rule 42(a) of the Federal Rules of Civil Procedure in that they are **MERGED for all further proceedings**;

---

[2] The Court recognizes defendants' concerns regarding plaintiffs' counsel and has asked that the Court provide guidance as to how the parties are to litigate this matter so that defendants are not subjected to "separate litigation from two different sets of attorneys" [Doc. 96]. Given that it appears plaintiffs' counsel have resolved their differences and have agreed to work together [Doc. 97], the Court finds it unnecessary to provide the requested guidance at this time.

5

5. All future filings shall be filed in *Price I* and the caption shall be modified to reflect the merger; and

6. Within ten (10) days of entry of this memorandum opinion and order, an **AMENDED COMPLAINT SHALL BE FILED** to reflect the merger of the actions.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE