UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANGELA DAVIS, on behalf of the estate of CRYSTAL PRICE and minor D.H., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:12-CV-634-TAV-CCS |
| ROANE COUNTY, TENNESSEE, and SOUTHERN HEALTH PARTNERS, INC., | ) ) ) ) | |
| Defendants. | ) ) | *Consolidated with* |
| J.V., a minor, individually and on behalf of CRYSTAL MARLENA PRICE, deceased, as Child and next of kin, by JESUS VARGAS, Parent and sole guardian, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:12-CV-673-TAV-CCS |
| ROANE COUNTY, ROANE COUNTY SHERIFF'S OFFICE; SHERIFF JACK STOCKTON, in his official capacity; and SOUTHERN HEALTH PARTNERS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This consolidated civil action is before the Court on the objections to the order of the magistrate judge regarding the parties' *Daubert* challenges [Docs. 210, 211]. The parties have filed responses and replies [Docs. 214, 215, 216]. After careful

consideration, the Court will overrule the objection by Southern Health Partners and overrule as moot the objection by Roane County.

I.  **The Relevant Portions of the Magistrate Judge's Opinion**

Magistrate Judge Shirley addressed the testimony of Michael T. McCormack, M.D., Raye-Anne B. Ayo, M.D., and Kathryn J. Wild, RN, MPA, CCHP, who are plaintiffs' experts, and Michael W. Quinn and George Lyrene, M.D., who are Roane County's experts.

Regarding Dr. McCormack, Magistrate Judge Shirley noted that defendants challenged the fact that he lacked experience in a correctional facility. Magistrate Judge Shirley determined this argument lacked merit, as "there is no binding authority from the Court of Appeals for the Sixth Circuit that requires that a physician be excluded from testifying regarding medical incidents occurring in a prison simply because he or she has not practiced medicine in a correctional facility" [Doc. 209 p. 6]. He further determined that the lack of exposure to correctional facilities would be best addressed through cross-examination and other trial practices [*Id.* at 7]. Magistrate Judge Shirley likewise determined that the fact that Dr. Ayo has not worked as a physician in a jail setting goes to the weight of the evidence, not admissibility [*Id.* at 9–10].

With respect to Ms. Wild, Magistrate Judge Shirley determined she is competent to offer opinion testimony about the nature and extent of the medical treatment Ms. Price received from the nurses while in custody at the Roane County Jail [*Id.* at 11]. He further determined that neither the locality rule nor other medical malpractice standards preclude

2

Ms. Wild from offering testimony regarding care falling below applicable standards, as plaintiffs demonstrated she is competent to testify regarding the applicable standard of care in a correctional facility, an issue relevant in this case [*Id.* at 12]. Regarding defendants' argument that Ms. Wild ignores the facts of this case, the magistrate judge determined such matters are best addressed through cross-examination [*Id.*].

As for Mr. Quinn, the magistrate judge found him qualified to offer testimony as to correctional procedure, training, and protocol [*Id.* at 14]. Even so, Magistrate Judge Shirley determined, as he did with all proposed experts, that he cannot offer testimony regarding deliberate indifference [*Id.*]. He further found that Mr. Quinn cannot offer testimony regarding Roane County's responsibilities or liability under its agreements with Southern Health Partners because he is not an expert in agency or contract law, nor can he offer testimony regarding medical care [*Id.* at 15].

Finally, regarding Dr. Lyrene, Magistrate Judge Shirley found him qualified to offer opinions regarding medical care, policies, and procedures at the Roane County Jail and the extent to which they were medically appropriate and regarding the medical care Ms. Price received [*Id.* at 17].

## II. Standard of Review

Section 636 of Title 28 of the United States Code allows district judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). A district judge may

3

reconsider any pretrial matter determined under "subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

## III. Analysis

Both Southern Health Partners and Roane County filed objections to the magistrate judge's order [Docs. 210, 211].

### A. Southern Health

Southern Health takes issue with the magistrate judge's determination regarding Dr. McCormack and Dr. Ayo, specifically the determination regarding their lack of experience in the correctional setting. It argues that their testimony regarding perceived inadequacies of care causes a substantial risk of jury confusion because the jury will likely equate the issues of medical negligence and deliberate indifference.

The Court has reviewed the record, and relevant case law, and the Court does not find that Magistrate Judge Shirley committed clear error or made a decision contrary to law. *See Sanford v. Steward*, No. 5:11cv2360, 2013 WL 3729175, at *4–5 (N.D. Ohio July 12, 2013) (finding the same). Further, the Court finds that any asserted confusion can be remedied by a jury instruction.

Accordingly, the objection by Southern Health [Doc. 210] will be overruled.

### B. Roane County

Because the Court finds that the claims against Roane County should be dismissed, its objections to the magistrate judge's order are moot.

## IV. Conclusion

For the reasons set forth herein, the Objection to the Order of the Magistrate Judge on Behalf of Southern Health Partners, Inc. [Doc. 210] is **OVERRULED** and the Objection to the Order of the Magistrate Judge on Behalf of Defendant Roane County, Tennessee [Doc. 211] is **MOOT**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE